**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 30, 2009

Charles R. Fulbruge III
Clerk

No. 09-50193
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ESTEBAN BYGOYTIA-ZUNIGA, also known as Jorge Martinez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-2854-1

Before JOLLY, DeMOSS and PRADO, Circuit Judges.

PER CURIAM:[*]

Esteban Bygoytia-Zuniga (Bygoytia) appeals his 18-month sentence imposed following his guilty plea conviction for being found illegally in the United States following deportation. Bygoytia argues that his sentence is unreasonable, although within the advisory guidelines range, because the Guidelines overstated the seriousness of his offense and failed to take into

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

account the mitigating nature of his cultural assimilation and his motive for returning to the United States.

We review the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 597 (2007). Bygoytia presented his arguments at length in his written objections and personally and through counsel at his sentencing hearing. The district court recognized the hardship of Bygoytia being separated from his family if they remained in the United States but pointed out that Bygoytia had lost his legal status in 1987 because he had committed a crime and that he has continued to enter this country illegally since that time. The district court's comments reflect a familiarity with Bygoytia's personal history and the nature of his prior offenses. Because the district court clearly considered Bygoytia's argument regarding cultural assimilation, its rejection of the variance on that basis does not render the sentence unreasonable. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008). Prior to imposing the guidelines sentence, the district court stated that it had considered the information provided, the circumstances of the case, and the goals of the Sentencing Guidelines and § 3553(a).

Because it is within the guidelines range, Bygoytia's sentence is entitled to a presumption of reasonableness, *see United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008), and Bygoytia has shown no good reason for us to disturb it. *See Gall*, 128 S. Ct. at 597.

Bygoytia acknowledges that the two additional arguments that he raises are foreclosed. He argues that the appellate presumption of reasonableness should not apply because U.S.S.G. § 2L1.2 lacked an empirical foundation and that the guidelines range reflected an unwarranted disparity between defendants who can participate in a fast-track program and defendants who cannot. As Bygoytia concedes, we have previously rejected such arguments. *United States v. Mondragon-Santiago*, 564 F.3d 357, 366 (5th Cir.), *cert. denied*,

___ S. Ct. ___, 2009 WL 1849974 (U.S. Oct. 05, 2009) (No. 08-11099); *Gomez-Herrera*, 523 F.3d at 563.

AFFIRMED.